**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DONALD BROWN, <br> BECKY BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> XTEK, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:18-cv-01918-TWP-TAB <br> ) <br> ) <br> ) <br> ) |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiffs' Amended Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Amended Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Amended Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the complaint or notice of removal must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982).

The Amended Complaint alleges, "At all relevant times herein, DONALD BROWN ('DONALD') was and is a resident of New Richmond, Montgomery County, Indiana." ([Filing No. 25 at 1](#).) This allegation of state residency, not citizenship, is not sufficient to allow the Court to

determine whether diversity jurisdiction exists. Concerning Plaintiff Becky Brown, the Amended Complaint alleges, "At all relevant times, BECKY was and is Plaintiff DONALD's wife." *Id.* at 5. This allegation says nothing about her citizenship.

Regarding Defendant XTEK, Inc., the Amended Complaint alleges, "At all relevant times herein, XTEK, INC. (hereinafter 'XTEK') was a Foreign For-Profit Corporation with its registered agent, Corporation Service Company, 135 N. Pennsylvania Street, Ste. 1610, Indianapolis, Marion County, Indiana." *Id.* at 1. This allegation fails to allege XTEK's state of incorporation and the state in which XTEK has its principal place of business, and thus, the Court cannot determine whether diversity jurisdiction exists.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 11/27/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Paul Thomas Belch
TRAVELERS STAFF COUNSEL
pbelch@travelers.com

Jared Adam Harts
GOLITKO & DALY, P.C.
jared@golitkodaly.com

Edward R. Reichert
GOLITKO & DALY, P.C.
eddie@golitkodaly.com